On Motions for Rehearing

FARMER, Judge.
We deny all motions for rehearing but write to address an issue raised by appel-lees as to our decision about the cap on non-economic damages.
Appellees’ claim for money damages arose from the provision of medical services to their son by a physician. They alleged that the doctor’s departure from the standard of care injured the boy and caused his death. They brought their claim as the personal representatives of his estate.
The Medical Malpractice Act [MMA] defines claimant as “any person who has a cause of action arising from medical negligence.” § 766.202(1) Fla. Stat. (1995). Except for the fact of his death, the boy clearly could have stated a cause of action arising from medical negligence. In view of his death, however, it is necessary to turn to the Wrongful Death Act [WDA], which states that “[w]hen a personal injury to the decedent results in his death, no action for the personal injury shall sur *1030 vive. ...” [emphasis supplied] § 768.20 Fla. Stat. (1995). WDA goes on to provide that:
“When the death of a person is caused by the wrongful act, [or] negligence ... of any person, ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured.... ”
§ 768.19 Fla. Stat. (1995). WDA also states that the cause of action created by WDA section 768.19 is reposed in a designated person:
“The action shall be brought by the decedent’s personal representative, who shall recover for the benefit of the decedent’s survivors and estate all damages, as specified in this act, caused by the injury resulting in death.” [emphasis supplied]
§ 768.20, Fla. Stat. (1995). WDA requires that the personal representative must identify “all potential beneficiaries” in the complaint, as well as “their relationships to the decedent.” § 768.21 Fla. Stat. (1995). WDA also specifies the kind of damages recoverable for each beneficiary entitled to damages. § 768.21(l)-(8), Fla. Stat. (1995).
The crux of appellees’ motion for rehearing is that each of these WDA beneficiaries is a separate claimant within the meaning of MMA section 766.202. Because each is a separate claimant, they argue, the $250,000 cap on non-economic damages applies only to each beneficiary and not in the aggregate against all beneficiaries. We think from the foregoing statutory language that they are mistaken.
As we have seen, a claimant under MMA must state a cause of action arising from medical negligence. § 766.202(1). When the patient survives the negligence, it is usually only the patient who has the cause of action for medical negligence.[1] When that patient has suffered the ultimate damage of death, however, WDA extinguishes any survival action of the patient and replaces it with a derivative cause of action reposed solely in the patient’s personal representative. As we read both acts, the only person with a claim arising from medical negligence in this case was the person who suffered the breach from the prevailing professional standard of care by the doctor. § 766.102(1), Fla. Stat. (1995).[2]
Hence it is only the personal representative who, it seems to us, qualifies as a claimant within the meaning of MMA section 766.202; for it is the personal representative alone who derives a cause of action from the alleged medical negligence of the provider. Nothing in the text of WDA suggests that the beneficiaries, simply because they are WDA beneficiaries, become claimants under MMA section 766.202 as a result of their entitlement to damages under WDA. At least, there is nothing in either statute that would explicitly transform the status of mere beneficiaries under WDA into claimants with a separate cause of action under MMA.
To be sure, it is difficult to imagine multiple claimants for damages arising from a single incident of medical negligence. As a practical matter, incidents of *1031 medical malpractice almost always immediately affect only the individual patient being treated at the moment. The structure and text of MMA seem to us to envision that patient as the person who has the cause of action for medical negligence, not the several persons who may ultimately qualify as beneficiaries under WDA if the patient happens to die as a result of medical negligence. When it adopted MMA, the legislature is presumed to have been aware of WDA’s placement of the wrongful death cause of action solely in the personal representative of the decedent’s estate. There is certainly nothing explicit in MMA suggesting an intent that each WDA beneficiary should qualify as a separate claimant for purposes of the statutory limits on non-economic damages.
We recognize that this construction of WDA may result in significantly less non-economic damage recoveries in favor of multiple WDA beneficiaries in arbitrations from medical negligence. That in turn may substantially affect the expectations and interests of numerous citizens involved in such proceedings. Accordingly, we certify to the supreme court the following additional question of great public importance: [3]

When the alleged medical negligence results in the death of the patient, does the cap on non-economic damages of $250,-000 per incident in a voluntary arbitration under § 766.207 apply to each beneficiary under the Wrongful Death Act, or does the $250,000 cap apply in the aggregate to include all Wrongful Death Act beneficiaries?

In all other respects, however, we deny rehearing and rehearing en banc.
GUNTHER, J., and MAY, MELANIE G., Associate Judge, concur.

. We recognize that the spouse of a surviving, injured patient from medical negligence may have a derivative claim for loss of consortium. We do not intend to state any opinion in this case as to whether that loss of consortium claim “arises from medical negligence” and is therefore covered by MMA.

. "In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in s. 768.50(2)(b), the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider.” [emphasis supplied]

. The legislature has concluded that voluntary arbitration and predictability of outcome are in the public interest in controlling increased medical care costs. See § 766.201, Fla. Stat. (1995).